## Joos *v.* Commonwealth.

*Actions—Res adjudicata—Mercantile appraisers—Advertising—Acts of April 22, 1846, P. L. 486, and April 11, 1862, P. L. 492.*

1. The question of the right of the relator in Commonwealth ex rel. v. McCandless, 129 Pa. 492, to recover for publishing the mercantile list of dealers within the cities of Pittsburgh and Allegheny is res adjudicata, and cannot be litigated again in another proceeding by the same relator involving the same cause of action.

2. Under Section 12 of the Act of April 22, 1846, P. L. 486, requiring notices of mercantile appraisements in the County of Allegheny except in the Cities of Pittsburgh and Allegheny to be advertised in at least two newspapers, the authority of the mercan-

tile appraisers to order such publication will be implied. Such authority was not taken away by the Act of April 11, 1862, P. L. 492, relating to the assessment and collection of mercantile taxes, which must be construed with the other acts relating to the same subject.

3. Where a mercantile appraiser for the County of Allegheny ordered the publication of the mercantile list in a newspaper and the work ordered was performed, and thereafter the Commonwealth authorized the publishers of such newspaper to bring an action for whatever might be due him for the work which he had done, the lower court properly entered judgment for the plaintiff for advertising the names of dealers in Allegheny County outside of the Cities of Pittsburgh and Allegheny, and properly refused to permit recovery for advertising furnished within the Cities of Pittsburgh and Allegheny.

Argued Jan. 25, 1917. Appeals, Nos. 5 and 6, May T., 1917, by plaintiff and defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1915, No. 71, on verdict for plaintiff, in case of John E. Joos, a resident , of the City of Pittsburgh, Allegheny County, Pennsylvania, v. The Commonwealth of Pennsylvania. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for advertising. Before McCARRELL, J.

The opinion of the Supreme Court states the facts.

The case was tried without a jury under the Act of April 22, 1874, P. L. 109.

The court found for plaintiff for $2,524 with interest from May 9, 1885, and entered judgment on the findings. Plaintiff and defendant appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law, and the judgment of the court.

*E. K. Trent,* of *Prichard and Trent,* with him *J. E. B. Cunningham,* for John E. Joos.

*Horace W. Davis,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for the Commonwealth.

OPINION BY MR. CHIEF JUSTICE BROWN, March 19, 1917:

By an Act of Assembly approved May 3, 1915, P. L. 241, the plaintiff was authorized to bring this action against the Commonwealth to recover whatever might be legally due him as owner and publisher of a German newspaper in which there was published, by direction of the mercantile appraiser, the mercantile list of the County of Allegheny for the year 1885. Louis T. Brown was the county's appraiser for that year, and on May 9, 1885, approved plaintiff's bill for $4,152. After its approval he presented it to the auditor general, who declined to pay it, and he thereupon instituted a proceeding in the Court of Common Pleas of Allegheny County to compel A. E. McCandless, county treasurer, to pay him. A full report of that proceeding is found in Commonwealth v. McCandless, 129 Pa. 492, and, for the purpose of an intelligent understanding of the case now before us, we extract the following facts from it: To the alternative mandamus the county treasurer filed an answer, in which he averred that the paper owned and published by the plaintiff was a Sunday newspaper, and the publication of the mercantile appraiser's list therein was not, therefore, legal. An issue was directed to determine whether the paper was or was not a Sunday publication. The verdict of the jury was that it was a Saturday newspaper. The court then considered the various acts of assembly relating to the publication of mercantile appraisers' lists, and, in an elaborate opinion by the late learned Judge EWING, it was held that, under the statutes, the mercantile appraiser had no power to authorize the publication of the mercantile list of dealers within the Cities of Pittsburgh and Allegheny, and for this, if for no other reason, the Commonwealth was not bound to pay the claim of the re-

lator as presented, for there were no means of ascertaining the proportion that would be chargeable for the list of dealers outside of the said cities.

It is first to be observed that the question of the right of the plaintiff to recover for the publication of the list of dealers within the Cities of Pittsburgh and Allegheny must be regarded as res adjudicata, for it was distinctly passed upon by the court below adversely to him, and its action was affirmed by this court. The right given by the Act of 1915 to bring this suit merely permits it to be brought with the right of the Commonwealth to have its liability determined by settled rules of law applicable to all litigation. The plaintiff's claim of $4,152 is made up in this action of two items, (a) $1,628, for advertising the names of dealers within the cities of Pittsburgh and Allegheny; (b) $2,524, for advertising the names of dealers in Allegheny County outside of said cities, and the only question is whether he can recover for the second item. Whether he can do so depends upon statutory provisions. The Act of April 16, 1845, P. L. 532, authorized the Courts of Common Pleas of Allegheny and Philadelphia Counties to appoint an "appraiser of mercantile taxes" to ascertain and assess all dealers in accordance with the various acts of assembly then in force relating to tax upon vendors of merchandise. By the sixth section of the act the appraiser was directed to furnish each person and firm so assessed a written or printed notice of his classifications, giving at the same time to each dealer notice of the place and time at which appeals might be heard from his classifications. No authority is given in this act to the appraiser to make any publication in the newspapers. By Section 12 of the Act of April 22, 1846, P. L. 486, the fifth, sixth, seventh and eighth sections of the Act of 1845 were extended to all the counties of the Commonwealth, with the provisos that the appraiser for each county should be appointed by its commissioners, and that the written or printed notice required by the sixth section of the Act of 1845, to be furnished by the ap-

praisers to the persons or firms assessed, should extend only to the Cities of Pittsburgh and Allegheny, in the County of Allegheny. The notices of assessments made by the appraiser within other portions of the county are required by the Act of 1846 to be given by at least four advertisements in at least two newspapers, if there be so many published in the county. While the act is silent as to who is to order the publication, the fair implication is that it was intended to vest the authority to do so in the appraiser, and this authority was exercised by the appraiser in the present case, in pursuance of which the publications were duly made by the plaintiff and his bill therefor is at an admittedly correct rate. While the court below, in Commonwealth v. McCandless, was in doubt as to whether this authority remained in the appraiser, in view of the Act of April 11, 1862, P. L. 492, we are of opinion that, as all acts relating to the assessment and collection of mercantile taxes must be construed together, the authority of the mercantile appraiser to order the publication, found in the Act of 1846, was not taken away by the Act of 1862. The Act of May 6, 1874, P. L. 124, relates only to advertisements published by an officer or officers of the Commonwealth authorized by law to publish the same, and is not to be regarded as having any application to the present case. The foregoing views were correctly held by the court below. From its judgment sustaining the second item of plaintiff's claim he and the Commonwealth have both appealed. The judgment gives him all he is entitled to under the law, and does not require the Commonwealth to pay what it does not owe. It is, therefore, affirmed.